Williams *vs.* The City Council of Augusta.

No. 52.—CHARLES A. and M. WILLIAMS, plaintiffs in error, *vs.* THE CITY COUNCIL OF AUGUSTA, defendants.

[1.] Where, by the Act of Incorporation, " The City Council of Augusta" were empowered to make and establish such by-laws, rules and ordinances, that shall appear to them requisite and necessary for the *security*, welfare and convenience of the said City: *Held*, that an ordinance of the City Council regulating the keeping and retailing Gunpowder within the limits of the City, was within the powers conferred by the Charter, and authorized thereby.

[2.] The Term "Criminal Cases," as used in the 1st Section, 3d Article of the Constitution, has reference to such acts or omissions as are in violation of the *public laws* of the State, and not to the violation of the *local by-laws*, or police regulations of Town and City Corporations. "Trial by Jury as heretofore used in this State," as mentioned in the 5th Section of the 4th Article of the Constitution, does not apply to *pecuniary* penalties imposed by *municipal* corporations of Towns and Cities, for a breach of their *local by-laws* and police regulations, for the *security*, welfare and good government of such Towns or Cities.

Certiorari.   Before Judge HOLT, in Richmond County.

The plaintiffs in error were summoned to appear before the defendants, upon a charge of a violation of the 63d Section of the General Ordinance of said City, in relation to keeping more than a certain quantity of gun-powder in store.   The plaintiff, appeared and objected to the jurisdiction of the City Council; which objection was over-ruled, and a fine imposed of $300.   The plaintiffs in error sued out a writ of *certiorari* to the Superior Court of Richmond county, on the grounds—

1st. Because the Legislature, in the Act of incorporation of the City of Augusta, and vesting powers in said City Council, did not expressly grant the jurisdiction of such matters to said Council, or make it an offence punishable by said Council; but on the contrary, the Legislature had reserved the power over the subject matter, having legislated on it, and imposed as a penalty the forfeiture of the powder.   And the general welfare clause in said Act of incorporation, cannot enlarge the jurisdiction of the corporation, further than is necessary to carry into effect the specific grant.

2d. Because the Legislature could not have granted such jurisdiction ; because the Constitution prohibits the delegation of such

power; said City being neither a sea-port town or port of entry.

3d. That if any offence had been committed, the plaintiffs in error were punishable under the Penal Code of Georgia, and not by the City Council of Augusta.

Upon hearing the *certiorari*, at January Term, 1848, before Judge Holt, it was admitted that the facts stated in the *certiorari* were true; and after hearing argument upon the legal questions, His Honor dismissed the writ with costs.

To this decision exceptions were filed, and error has been assigned, as stated in the judgment of the Court.

I. L. HARRIS and CONE, representing GEO. SCHLEY, for plaintiff in error.

A. J. MILLER, for defendant.

I. L. HARRIS, for plaintiff in error, contended, that a " fine " being a punishment for crime or misdemeanor, can only be imposed after a Jury shall have found, by verdict, the defendant guilty. *For definition of fines, see Bouvier's Law Dict.* 1 *vol.* 569.

That no powers have been conferred by the Act of incorporation of Augusta, to impose the " fine " complained of by plaintiff in error.

That the Legislature having by a general law imposed a punishment in relation to the keeping of gun-powder in store, it was not within the competency of the City Council of Augusta, to modify, alter, enlarge, vary or change the punishment thus prescribed for violations of that law.

That the Court below erred in deciding that the Legislature had the constitutional right to confer upon the City Council of Augusta, the power to impose fines; since the City of Augusta is not a sea-port and port of entry. *See Prince Dig. p.* 909.

A. J. MILLER, for the defendant.

1st. The Ordinance complained of, is valid under the Act incorporating the City. *Watkins Dig.* 669. *O'Donnell vs. City Council, decided by Judge Holt,* 1830. *Dubois vs. Same, Dudley's Rep.* 30.

2d. The legislation by the State in relation to the *transporta-*

*tion* of gun-powder, does not preclude the defendants from regulating, by ordinance, the manner in which it shall be *stored.* *Dubois vs. City Council.*

3d. The offender against the ordinance, is not entitled to a Jury trial. *Low vs. Com's of P., R. M. Charlton's Rep.* 302, *O'Donnell vs. City Council.*

CONE, counsel for the plaintiffs in error, in conclusion.

1st. The powers conferred on the City Council, by the several Acts incorporating the City of Augusta, do not authorize the imposition of the fine complained of by the plaintiffs. *Ordinance, City Council,* 27, 76.

2d. The Legislature possessed no constitutional right to grant such a power to the City Council. *Prince,* 909

3d. The imposition of a fine necessarily presupposes the commission of a crime, and no person can be convicted and punished for a crime, without the interposition of a Grand and Petit Jury. *Hotchkiss,* 12. *Watkins' Dig.* 16.

*By the Court.*—WARNER, J. delivering the opinion.

The counsel for the plaintiffs in error have assigned three grounds of error in this Court, to the decision of the Court below.

1st. That the Court below erred, in deciding that the laws incorporating the City of Augusta, conferred on the City Council, the power to pass the ordinance, by virtue of which the fine complained of was imposed on the plaintiffs in error.

2d. That the Court below erred, in deciding that the Legislature had the constitutional right to confer on the City Council, the power to pass the ordinance complained of.

3d. That the Court below erred, in deciding that the City Council had any jurisdiction over the matter.

[1.] The 63d section of the City Ordinance of Augusta, provides, that all gun-powder which may be brought to the City, shall be, by the owner or consignees thereof, conveyed to the public magazine of the City, except when persons are desirous to retail the same within the limits of the City; and then, it shall not be lawful for such retailer of gun-powder, to keep more than

fifty-six pounds in his store at any one time, the same to be kept in a tin or copper canister, or canisters; and any person, or persons, violating the ordinance, is made liable to forfeit, and pay a fine of not less than fifty, nor more than five hundred dollars, for each and every offence.

The defendants were fined for a violation of this Ordinance, in keeping a larger quantity of gun-powder in their store, than authorized by it.

.The 3d section of the Act of 31st January, 1798, incorporating the City of Augusta, gives the City Council power and authority to make and establish such by-laws, rules and ordinances, that shall appear to them requisite and necessary, for the *security, welfare* and convenience of the said City; and to affix and levy fines for all offences committed against the by-laws of the said City. The ordinance regulating the keeping of gun-powder in the City, is, in our judgment, *necessary* for the *security* and welfare of the inhabitants in the City. It is a sanatory *police* regulation, for the benefit and *safety* of the persons and property within the limits thereof, and fully authorized by the Act of incorporation.

[2.] The two last assignments of error will be considered together ; as the same question is virtually involved in both of them.

The position assumed by the counsel for the plaintiffs in error, is that the Legislature did not have the *constitutional* right, to confer on the City Council the power to pass the ordinance complained.of; that it is violative of the 5th section of the 4th article of the constitution of this State, which declares that " trial by Jury, as heretofore used in this State, shall remain inviolate." It is also urged, that according to the first section of the third article of the constitution of this State, the Superior Court has exclusive jurisdiction in all *criminal cases,* " except as relates to people of color, and fines for neglect of duty, and for contempt of Court, for violations against road laws, and for obstructing water courses ; which shall be vested in such judicature or tribunal, as shall be, or may have been, pointed out by law ; and except in all other minor offences committed by free white persons, and which do not subject the offender, or offenders, to loss of life, limb or member, or to confinement in the penitentiary ; in all such cases, corporation courts, such as now exist, or may hereafter be constituted in any incorporated city, being a sea-port town and a port of

entry, may be vested with jurisdiction under such rules and regulations as the Legislature may hereafter by law direct;" that the city of Augusta not being a sea-port town and a port of entry, the authority to impose the fine in question could not be conferred by the Legislature. This argument to be sound, must assume that the imposition of the fine for the violation of the City Ordinance, was done in a "*criminal case;*" for if the proceeding had before the City Council was a "*criminal case,*" within the meaning of the Constitution, then the Superior Court unquestionably had jurisdiction of the offence, and not the City Council. The Common Law definition of a *crime,* as given by Blackstone, is an act committed, or omitted, in *violation of a public law.* 4 *Black. Com. 3.* And it is in this sense, that we consider the term "*criminal cases*" in the Constitution, was intended to have been understood. ·

The Superior Court has exclusive jurisdiction in all *criminal cases* ; that is, where there has been a violation of any *public law of the State,* except all minor offences committed by free white persons, and which do not subject the offender, or offenders, to loss of life, limb, or member, or to confinement in the Penitentiary; *in all such cases,* that is to say, all minor violations of the *public laws of the State,* which do not subject the offender or offenders to loss of life, limb, or member, or to confinement in the Penitentiary, corporation Courts in any incorporated city being a sea-port town and a port of entry, may be vested with jurisdiction, under such rules and regulations, as the Legislature may by law direct. It is only the corporation Courts in such incorporated cities of this State, as being a sea-port town and a port of entry, that can be vested with jurisdiction by the Legislature, for the trial of the minor violations of the *public laws* of the State. The city of Augusta, not being sea-port towns and ports of en try, in the language of the Constitution, the Legislature could not vest the corporation · Court of that city, with jurisdiction to hear and determine, even the minor violations of the *public laws* of the State. But the violation of the Ordinance in question, by the plaintiffs in error, was not a violation of any *public law* of the State; the keeping in their store a greater quantity of gun-powder than specified in the City Ordinance, was a violation of *that* Ordinance; a violation of the law made and promulgated by the City Council of Augusta, for the *security* and welfare of the in-

habitants of *that city*, in pursuance of the Act of the Legislature; which, as we have seen, authorized the City Council to make all such by-laws, rules and ordinances, that should appear to them requisite and necessary, for the *security*, welfare and convenience of the city, and good government within the same; and to affix, and levy fines for all offences committed against the by-laws of said city. The Legislature authorized the City Council to make the Ordinance; it was *local* in its operation, and the defendants violated it, and the City Council, as was their duty to do, imposed a fine upon them therefor, within the limit affixed by the Ordinance, which was the *local law* for their government.

The proceeding before the City Council for a violation of the City Ordinance, was not a *criminal case*, nor a criminal prosecution, for the violation of a *public law of the State*, within the true intent and meaning of the Constitution. It was contended on the argument, 'that the Legislature had enacted a *general law* for the whole State, on the subject of keeping gun-powder, and called our attention to the Act of 1831, *Prince's Dig*. 619. That Act relates exclusively, to the *transportation* of gun-powder, upon the waters, or within the limits of this State, and is entirely silent, as to the manner in which it shall *be kept*, and *offered for sale*, in any town or city.

The power to make by-laws is given to corporations, to enable them to fulfil the purposes of their institution. These corporate powers of legislation, should be exercised strictly within the limits of the charter, and in perfect subordination to the constitution and general law of the land, and the rights dependent thereon. Subject to these limitations, the power to make by-laws, may be sustained and enforced by just and competent *pecuniary penalties*. 2 *Kent's Com*. 296.

The power to make by-laws, necessarily supposes the power to enforce them, by *pecuniary penalties*, competent and proportionable to the offence. *Chamberlain of London's case*, 5 *Coke's Rep*. 63. *The City of London's case*, 8 *Coke R*. 253. The City Council of Augusta, are authorised by the act of incorporation, " to affix and levy fines for offences committed against the by-laws of said city;" and when a corporation is empowered to enforce its by-laws by fine, or amerciament, they are by implication, precluded from any other method of enforcing them. *Kirk vs Norrill*. 1*st Term Rep*. 125. But it is said the City Council of Au-

gusta had no authority to impose the fine on the defendants, because it deprived them of their constitutional right of trial by Jury, as heretofore used in this State. The answer to this objection is very satisfactorily given by the Court, in *Low vs. Commissioners of Pilotage. R. M. Charlton's Rep.* 316. " I am aware, (says the learned Judge,) of the argument which has been sometimes used, that the trial by Jury, being a Common Law right, all summary jurisdictions newly created, and unknown to the common law, which go to take away or abridge the trial by Jury, are infringements of the rights of the people. In England, where this common law right exits, and from whence it was originally derived to us, various jurisdictions of this kind exist; not sanctioned by the common law, but resting upon Statute : and apart from the Act in question, very many such jurisdictions existed, and were in use in this State anterior to the Revolution, and at the time of the adoption of the Constitution. The proceedings of these inferior judicatories, have at different times, and under various circumstances, passed in review before the Superior Courts of this State. A cotemporary exposition of the Constitution, practised and acquiesced under for a period of years, fixes the construction, and this Court will not shake or control it.

When I reflect that jurisdictions of this sort have been found necessary in all countries—were established and used in Georgia previously to, and at the time of adopting the constitution—that the Act in question, (the Act for the regulation of pilots,) was passed the following year, and probably by many of those who framed the constitution, and are to be presumed best acquainted with its meaning—that those jurisdictions have ever since been acquiesced in by the people, and acted upon—that by declaring this Act unconstitutional, the whole of these summary jurisdictions (except so far as they exercise the powers of justices of the peace) must be at once swept away, however useful and important they may have been found, I confess myself unprepared so to pronounce it."

The Act incorporating the city of Augusta, which gives the power to the City Council to affix and levy taxes for a breach of the City Ordinances, was in existence at the time of the adoption of the Constitution of 1798. The Commissioners of the town of Sunbury, and of Louisville, also the Wardens of Savannah, were authorized to impose *penalties* for violations of the by-laws, made

for the government of the respective towns, anterior to the adoption of the present constitution. *Marbury & Crawford's Dig.* 123, 130, 121.

The City Council of Augusta, in our judgment, had the power conferred on them by the Legislature, to pass the Ordinance in question—that the term, "*criminal cases*," mentioned in the 1st section of the 3d article of the Constitution, has reference to violations of the *public laws* of the State, and not to the *local by-laws* of a town or city, made for its internal police and good government—and that inasmuch as the right of trial by Jury existed in England, and was secured by *magna charta*, and municipal corporations in that country enforced their by-laws by *pecuniary penalties, in a summary manner*, and the same right being conferred upon similar corporations in this State, anterior to the adoption of the Constitution, which have been constantly exercised, "the right of trial by Jury, as heretofore used in this State," previous to the 30th day of May, 1798, has not been violated by the City Council of Augusta, by the imposition of the penalty for a breach of the *local police* regulations of that city, by the plaintiffs in error.

Let the judgment of the Court below be affirmed.