Mayor &c. of Rome *vs.* Lumpkin & Underwood.

No.50.—MAYOR, &c., of the city of Rome, plaintiffs in error, *vs.* E. F. B. LUMPKIN and JOHN H. UNDERWOOD, defendants in error.

[1.] When a person obtains a license to retail spirituous liquors, within the limits of a county, for twelve months, from the Clerk of the Inferior Court, according to the provisions of the Act of 1809, and pays a valuable consideration therefor: the corporate authorities of a city council, by an ordinance enacted *subsequent* to the date of such license, cannot within the limits of the same county, impose and collect any additional tax, or impair the rights of the party, acquired under the law, as it stood at the time such license was granted.

*Certiorari*—Floyd Superior Court, before Judge WRIGHT, May Term, 1848.

Judge LUMPKIN did not preside in this cause, one of the parties being a relative.

The city of Rome was incorporated by an Act approved 29th day of December, 1847. On the same day, and before the organization of the corporate authorities, the defendants obtained license from the Clerk of the Inferior Court of Floyd county, to retail spirituous liquors in said county. After their organization, the Mayor and Aldermen of the city of Rome passed an ordinance requiring persons retailing liquors within the corporate limits, to pay for a license a sum not exceeding fifty dollars into the Treasury of the city. The defendants in error failed to take out a license from the corporate authorities, whereupon, after a hearing before the Council, they were fined the sum of $25 00. A certiorari was applied for and granted by the Judge of the Superior Court, and upon a hearing, was sustained by the Court; to which decision upon the certiorari, the council, by their attorneys, excepted, and have assigned the same as erroneous.

W. H. UNDERWOOD, for plaintiff in error.

W. H. HULL, and T. R. R. COBB, representing HACKETT, for defendant in error.

*By the Court.*—WARNER, J., delivering the opinion.

From the record in this case, it appears that the defendants in error were fined twenty-five dollars for an alleged violation of

the corporation laws of the city of Rome in this, that they re-
tailed spirituous liquors, within the limits of said corporation,
without having obtained a license from the corporate authorities
of the city, as required by an ordinance thereof. The defendants
obtained a certioriari from the Superior Court, directed to the
Mayor and Aldermen of the city, and upon the hearing thereof,
the Superior Court reversed the judgment of the City Council,
and sustained the certiorari; whereupon, the City Council excep-
ted, and now assign the same for error here.

[1.] On the 29th December, 1847, the city of Rome was incor-
porated, and on the same day, the defendants in error obtained from
the Clerk of the Inferior Court of Floyd county, a license to re-
tail on the south side of Broad street, for one year from that date.
By the 18th section of the Act of incorporation, the Mayor and
City Council, are empowered to license persons to retail, and sell
by retail, spirituous liquors within the city; and that no person
shall sell by retail any spirituous liquors, within the same, with-
out first obtaining such license, for which they shall pay a sum
not exceeding fifty dollars. *Acts of* 1847, *p.* 55. The date of the
ordinance of the City Council of Rome, is not made to appear by
the record; but it must necessarily have been *subsequent* to the
date of the license from the Clerk of the Inferior Court. At
the time the defendants in error obtained their license from the
Clerk to retail in the county of Floyd, for one year, there was no
law in existence, enacted by the corporate authorities of the city
of Rome, which required a license to be obtained, for retailing
within the limits of the city; and the question now is, whether
the defendants in error can be required, after paying the sum re-
quired by the Act of 1809, to the county for license to retail with-
in the limits thereof, to pay another sum for license to retail, to
the corporation, within the same county. We are of the opinion,
when the defendants in error paid to the Clerk of the Inferior Court
of Floyd county, the amount of money required by the Act of
1809, and obtained a license to retail spirituous liquors within
the limits of the county, for the period of one year from the date
thereof, in consideration of such payment, the ordinance of the
City Council of Rome, enacted and promulgated *subsequent* to
the obtaining such license, cannot impair or defeat the right of
the defendants so to retail, for the period of time stipulated in
such license. We think it is quite apparent, the Legislature did

not intend the retailer of spirituous liquors should pay for, and obtain license, from both the county and the City Council.   The twenty-seventh section of the tenth division of the penal code, imposes a penalty upon all retailers of spirituous liquors, without a license from the Inferior Court of the county, *except* in corporations, or cities, where by law, authority to grant licenses is vested in the corporate authorities of such towns, or cities. *Prince,* 649.   When a retailer retails within the limits of a corporate town, or city, authorised by law to grant license, he is not indictable for retailing without license from the Inferior Court.   If the corporation ordinance of the city of Rome had been enacted, in accordance with the provisions of the Statute prohibiting the retail of spirituous liquors, *at the time* the defendants obtained their license from the Inferior Court, then they would have been required to procure a license from the corporate authorities of the city, to retail within its limits, and not from the Inferior Court; but having obtained a license from the Inferior Court, in accordance with the law, and having paid a valuable consideration therefor, before the corporate authorities had enacted any law or ordinance upon the subject, they will be entitled to the full benefit of their contract under the law, as it stood at the time they obtained their license to retail, within the limits of the county of Floyd, without the payment of any additional sum of money, to the corporation.

Let the judgment of the Court below be affirmed.