No. 51.—THOMAS FLOYD, plaintiff in error *vs.* THE COMMIS-SIONERS OF THE TOWN OF EATONTON, defendants in error.

[1.] The act of January 22, 1852, giving to the Town Commissioners of Eatonton authority to grant licenses to retail spirituous liquors within their corporate limits, subject to such regulations as they might prescribe, provided they administered to the applicant the oath referred to in the act, gave full and ample authority to these Commissioners, to require the clerk of such applicant to take a similar oath.

[2.] Violations of the local by-laws of a municipal corporation, not involving the elements of offences known to our penal laws, are not " criminal cases" within the meaning of the 3d Sec. of the 1st Art. of our State Constitution.

[3.] Summary trials and convictions without the intervention of a jury for such violations of local by-laws do not conflict with the right of trial by jury, as exercised in this State, previous to the 30th of May 1798; and are therefore not unconstitutional.

Certiorari in Putnam Superior Court. Decision by Judge CONE, September, Term 1853.

The following is the statement of facts agreed upon by the parties in this case :

The Town of Eatonton was incorporated by an act of the Legislature, December 12th, 1809 ; which charter was amended by acts dated 1816, 1819, and January 22d, 1852.   By the 3d Section of the last act, the power of granting licenses for the retail of spirituous liquors within the corporate limits of the said Town is vested in the Commissioners thereof, under such regulations as they may prescribe, " provided that persons to whom license may be granted shall take the oath now required ·by

Thomas Floyd *vs.* The Commissioners of Eatonton.

law". On 13th February 1853, the Commissioners passed an ordinance on this subject, providing among other things, that " the clerk or assistant of any such person applying for license as aforesaid, shall take the same oath, with the applicant" and on failure the license was forfeited. The ordinance further prescribed a penalty of twenty-five dollars for retailing within the said Town without a license. Thomas Floyd obtained a license from the commissioners, which was afterwards forfeited, by reason of his employing a clerk who had not taken the oath prescribed. Floyd continued to retail after his license was forfeited, until the aggregate fines imposed upon him amounted to the sum of three hundred dollars. By agreement of the parties, the questions at issue upon this statement of facts, were submitted on argument to the presiding Judge of the Superior Court, with leave to sue out a writ of error to his decision thereon.

The presiding Judge sustained the authority of the Commissioners to impose these fines ; and Floyd by his counsel assigns for error,

1st. Because the Commissioners had no authority to require the clerk or assistant to take the oath.

2nd. Because the grant of power to the Commissioners, to pass ordinances, and impose penalties for the violation thereof, is unconstitutional and void.

3d. Because the act of the Commissioners deprived the defendant of the right of trial by Jury.

HUDSON for plaintiff in error.

ADAMS for defendant in error.

*By the Court.*—STARNES J. delivering the opinion.

[1.] When by the act of January 22d, 1852, the Legislature granted to the Commissioners of the town of Eatonton the power to issue licenses, for the retail of spirituous liquors within the corporate limits of that town, under such regulations as the Commissioners might prescribe ; provided that the applicant

should be required to take the oath required by the general law of the State; full and complete authority was given to the Commissioners, to prescribe any, and whatsoever legal and constitutional regulations they pleased, subject to which, such license should be granted; provided, they were careful, as one of these regulations, to have the oath specified, administered to the applicant.

That provision was not to be considered as a sort of measure or *maximum* of terms, on which they were to regulate the grant of license, but as it were, a *minimum* of regulation. That is to say: on no less terms should the license be granted; and as many other terms or regulations might be prescribed by them, as they should deem expedient and proper.

When therefore, these officers in the discharge of their duty, prescribed as a regulation, that the clerk of the applicant also should take a similar oath, they did what they had full power and authority to do by Legislative grant; and they did that, which we think was expedient and judicious.

We are making no departure from a strict construction of this act in so holding. No other construction, we think, can reasonably be put upon the plain signification of the words used in the statute.

[2.] This act is not in conflict with the 1st. section of the 3d Art. of our State Costitution, which provides that the Superior Courts shall have exclusive jurisdiction in all criminal cases, except in the cases which are therein specified.

The " criminal cases," to which reference is here made, are violations of the public Laws of the State, and not the local by-laws, or police regulations of a town or city, which are not embraced in the elemental definitions of crimes, as recognized by our penal Laws. So this Court has decided, in the case of *Williams vs. the City Council of Augusta*, (4. *Geo. R.* 509.)

The offences for which the defendant was fined by the Commissioners, were not violations of our penal code; for it is unfortunately true, and so we have held in another case, at one of our recent sessions, that the language of the code on this subject, is such as to exempt from punishment under its provisions,

any person who retails without a license in corporate towns or cities, having authority to grant such license.

The 27th sec. of the 10th division of the penal code provides, that any person retailing spirituous liquors &c. without a license from the Inferior Court &c, *except* in corporate towns or cities, where by law the corporate authorities are authorized and empowered to grant such license, shall be guilty of a misdemeanor, &c.

It will be perceived, that this exception operates to exempt from the penalties prescribed, all persons retailing without a license in a corporate town, whose authorities are empowered to grant such license.

It may not have been the intention of the law-maker to give such effect to this section; or, it may really have been intended to leave the matter of punishment, in such cases, in the hands of the corporate authorities, having power to grant the license. However this may have been, as the matter now stands (there being no other provision of our penal code on the subject) there is no law of the State, making penal the retailing of spirituous liquors without a license in a corporate town, having authority to license retailers; and we think that Legislative action is needed in order that such retailers without a license, in corporate towns, as everywhere else in our State, shall in plain and distinct terms, be subjected to punishment under our code, or by ordinance of such town or city; and we will take the necessary steps to have this matter brought to the early attention of the Legislature.

It is plain from what we have said, that the act of 1852, as our law is now written, is not unconstitutional; because that the offences in question, were not violations of a public law; and therefore not " criminal cases" in the sense of the term, as used in our constitution.

[3.] Neither was the proceeding in this case unconstitutional, because contrary to the 5th sec. of the 4th Art. of our constitution, which declares, " That trial by jury, as heretofore used in this State, shall remain inviolate."

Our reason for so holding is the same which will be found to

have been given in the case before cited, of *Williams vs. The City Council of Augusta*; and is as follows : The right of trial by jury as existing in this State, before the adoption of the constitution, has not been violated, because such right was not claimed for, or accorded to offenders in such cases, before that time.

Though this right was guaranteed to Englishmen by *Magna Charta*, and ever regarded in England as one of the great pillars of their constitution ; yet in that country, municipal corporations, for centuries, have enforced their by-laws, and inflicted fines without the intervention of a jury. So too in this State, similar corporations, before the adoption of our constitution, will be found to have tried and determined such cases, in the same summary way.

From these things, we conclude that the right of trial by jury, as it was claimed, accorded and exercised in the State, previous to the 30th of May 1798, was not violated in these cases, by the proceedings of the Town Commissioners of Eatonton.

. Let the judgment be affirmed.