THE MAYOR AND COUNCILMEN OF THE CITY OF CUTH-BERT *vs.* CONLY.

The Legislature passed an Act on thé 17th of December, 1859, conferring upon the mayor and councilmen of the city of Cuthbert the power to regulate the retail of spirituous liquors.   C. took out a county license from the Clerk of the Inferior Court to retail within the corporate limits of said city, on the 31st of December, 1859:   *Held,* that C. was subject to the ordinance passed by the municipal authorities subsequent to the date of his license.

Equity, in Randolph Superior Court.   Decision made by Judge PERKINS, at the May Term, 1860.

The facts and questions exhibited by the record in this case, are as follows, to-wit:

By an Act of the General Assembly of Georgia, approved the 17th of December, 1859, the power and authority to grant license to retail spirituous liquors within the corporate limits of the city of Cuthbert, in the county of Randolph, were vested in the mayor and councilmen of said city.   On the 31st day of December, 1859, William G. Conly filed his

oath and bond with the Clerk of the Inferior Court, and obtained a license to retail spirituous liquors in the county of Randolph for the year 1860. On the 27th day of January, 1860, the mayor and councilmen of said city passed an ordinance against retailing spirituous liquors within the corporate limits of said city, without obtaining license so to do from the corporate authorities. William G. Conly disregarded the ordinance, and continued to sell spirituous liquors by retail, within said corporate limits, without obtaining license so to do from the said corporate authorities. On the 7th of February, 1860, Conly was summoned to appear before William H. Long, mayor of said city, to answer for a vialation of said ordinance against retailing spirituous liquors without license. Pursuant to said summons, Conly appeared, and insisted upon his right to retail spirituous liquors, under the license obtained by him from the Clerk of the Inferior Court, on the 31st day of December, without obtaining additional license from the corporate authorites of said city, inasmuch as the said ordinance was not passed until the 27th of January, 1860. This defense of Conly was adjudged insufficient by the mayor, and said mayor imposed a fine of $50 00 on said Conly, and further adjudged that he pay the costs of the proceeding. Conly excepted to this decision of the mayor, and obtained a *certiorari* to have the said decision and judgment reviewed by the Superior Court, according to law. Pending the *certiorari*, Conly continued to sell spirituous liquors, by retail, within the limits of said city, without obtaining license from the corporate authorities, and on the 15th of February, 1860, he was again served with a summons to appear before the council to answer for the violation of said ordinance. On the 15th day of February, 1860, Conly made out and presented to His Honor, William C. Perkins, Judge of the Pataula Circuit, a bill in Equity, alleging the foregoing facts, and also, that he is a poor man, of feeble health, and is informed and believes that it is the intention and purpose of said corporate authorities to impose fines of $50 00 on him every time he opens his store and sells spirituous liquors by retail, until he is harrassed into a

compliance with the said ordinance, and pays to them, for license, the sum of $250 00, the license fee fixed by said ordinance.

The bill prays, amongst other things, that the corporate authorities may be enjoined from further interfering with the complainant in his said business of retailing spirituous liquors in said city, until the expiration of the license granted by the Clerk of the Inferior Court, as aforesaid.

The presiding Judge granted the injunction · prayed for, and that decision is alleged to be erroneous, and a reversal is asked for that cause.

ARTHUR HOOD for plaintiff in error.

E. H. PLATT for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

A bill was filed by the defendant against the mayor and council of the city of Cuthbert, praying an injunction against the said authorities from prosecuting him for retailing spirituous liquors under their ordinance. The injunction was granted, and this order is excepted to, and now assigned as error.

The facts are as follows: The Legislature, on the 17th of December, 1859, conferred upon the corporate authorities of the city of Cuthbert the power to regulate retail licenses in that city. The defendant claims that he took out license from the Clerk of the Inferior Court of Randolph county, on the 31st of the same month, and that the city ordinance, which he is charged with violating, was not passed till the 27th of January, 1860. He claims, therefore, the right to sell for one year, under his State license, and the decision of this Court, in Mayor, &c., of Rome vs. Lumpkin & Underwood, (5 Ga. Rep., 447,) is cited in support of this position.

Owing to relationship to one of the parties, I did not preside in that case; and while I am satisfied with the judgment of the Court, it not appearing affirmatively, that the Act of the Legislature, conferring upon the city of Rome the power

to regulate the retail license, was passed prior to the issuing of the license by the State,—they bear date on the same day— I must say, however, that the reasoning in that case is not, to my mind, very conclusive.

In Floyd vs. The Commissioners of the Town of Eatonton, (14 Ga. Rep., 354,) the question was elaborately discussed, and this Court held, that where, by law, the corporate authorities are empowered to grant license, the jurisdiction of the State over the subject is withdrawn: so, that from the 17th of December, 1859, to the 27th of January, 1860, there would have been no law upon the subject of license but for the Act of 1854, which was passed by the Legislature upon the suggestion of this Court, to provide for this defect in the law as it then stood. Under the old law, Wm. G. Conly could have sold, without license, until the Ordinance of 27th January, 1860, was passed.

By the Act of 1854, (pamphlet, p. 83,) the retailer may take out license from the Inferior Court, to screen himself from punishment, until the municipal authorities that have been clothed with power to regulate licenses shall act upon the subject; still, he does so with his eyes open, and subject to any additional restriction which they may impose upon his business. Such was the intention and proper construction of the Act of 1854.

The right to regulate the retail license, then, in the city of Cuthbert, having been conferred by the Legislature before the county license was issued to Conly, if, indeed, it ever was issued, we hold, that he took the same subject to the further action of the Board upon the subject, and that the Judge erred in restraining the mayor and councilmen from the rightful exercise of their power in enforcing their ordinance.

Judgment reversed.