## FORD *v.* THRALKILL *et al.*

84  169|
96  317|

The charter of Dalton giving the mayor and council power to abate nuisances, public or private, and to pass all ordinances they might deem necessary for preserving health, peace, good order and good government of the city, and to enforce all ordinances by them adopted not inconsistent with the laws of this State, the power to establish fire limits is necessarily implied, and the mayor and council could pass an ordinance making it unlawful to erect a wooden or frame building on a certain lot, prescribing a punishment, and making it lawful for the marshal to enter upon the premises with sufficient force to remove such building at the expense of its owner. This ordinance is consistent with the general laws of the State.

December 16, 1889.

Municipal corporations. Dalton. Powers. Nuisance. Before Judge MILNER. Whitfield county. At chambers,  May 18, 1889.

Reported in the decision.

W. C. GLENN, by HARRISON & PEEPLES, for plaintiff.

McCUTCHEN & SHUMATE, for defendants.

SIMMONS, Justice.

In 1886, the mayor and city council of Dalton adopted the following ordinance:

"Be it ordained by the Mayor and Council of the City of Dalton, that from and after the passage of this ordinance it shall be unlawful for any person or persons to erect or build a wooden or frame building on lot fronting Hamilton street, running north from Morris street to the Western & Atlantic railroad crossing, near the Novelty Works."

The 2d section prescribes the punishment; and the 3d section makes it lawful for the marshal to enter upon the premises with sufficient force to remove such building, at the expense of the owner or owners.

In 1889, Ford, the plaintiff in error, erected a wooden or frame building within the limits prescribed in the ordinance. He was cited to appear before the mayor for a violation of the ordinance, and was fined $50; and an order was issued by the mayor to the marshal to

remove said building. Ford then filed his petition to the judge of the superior court, praying an injunction against the marshal from carrying out the order of the mayor in removing the building, upon the ground that the judgment of the mayor was void,—that the mayor had no jurisdiction to render it; and he prayed an adjudication that the ordinance was void, and an order "restraining the mayor from tearing down his house without having proceeded against the same as a nuisance, and interfering in any manner with the erection of the building, and his occupancy or use of the same." On the hearing before the trial judge, the injunction was denied, and Ford excepted.

The only question argued before us was, whether the mayor and council of the city of Dalton had power to adopt the above quoted ordinance. The 6th section of the charter of Dalton gives the mayor and council " power to abate nuisances, public or private, and to pass all ordinances they might deem necessary for preserving the health, peace, good order and good government of the city, and to enforce all ordinances by them adopted not inconsistent with the laws of this State." While there is no power expressly given to them in the charter to establish fire limits, we think, under this general welfare clause, that the power is necessarily implied. And, moreover, the ordinance is not inconsistent with the general laws of the State, but is consistent therewith. The general act of 1872 for the incorporation of towns and villages, and embodied in the code, §786, expressly authorizes the mayors and councils of towns and villages " to make regulations for guarding against danger or damage by fire."

The decided weight of authority in this country is that municipal authorities have power, under such general welfare clauses, to establish fire limits, when the establishment thereof is not inconsistent with the gen-

eral laws of the State. Those who are interested in the question will find it fully discussed in the following authorities : 1. Dillon Mun. Corp. §§145, 405, note ; Horr and Bemis on Mun. Police Ordin. §§222, 223 ; Wadleigh *v.* Gilman, 12 Me. 403 ; Mayor, etc. of Monroe *v.* Hoffman, 29 La. Ann. 651 ; Baumgartner *v.* Hasty, 100 Ind. 575 ; Dictum of Shaw, C. J., in 11 Metc. 55, 58 ; Charleston *v.* Reed, 27 W. Va. 681 ; *Williams* v. *City Council of Augusta,* 4 *Ga.* 509. But see Kneedler *v.* Norristown, 100 Pa. St. 368 ; Troy *v.* Winters, 2 Hun, 63 ; Pye *v.* Peterson, 45 Tex. 312, s. c. 23 Am. R. 608.

*Judgment affirmed.*