## 7518. NOBLES v. CITY OF DUBLIN.

HODGES, J. 1. On the call of his case before the recorder, plaintiff in error moved for a continuance upon the ground that his counsel had just been employed and had not had time to investigate the case, and requested that the case be postponed to a certain time, which was

granted by the recorder. Upon the call of the case at the appointed time, he moved for a further postponement, on the same ground, and because his counsel had made a demand on an officer of the city for a list of witnesses against him, and this request was refused by the officer, and for this reason counsel was not ready for trial. The recorder did not abuse his discretion in refusing a further continuance of the case, and the judge of the superior court did not err in overruling the certiorari. The constitutional provision with reference to furnishing the accused with a list of witnesses upon whose testimony the charge is founded has no application to a case charging a violation of a city ordinance. *Williams* v. *Augusta*, 4 *Ga.* 509. In *Hill* v. *Dalton*, 72 *Ga.* 314, 319, it was said by Jackson, C. J.: "If paragraph 5th of the bill of rights in article 1st of the constitution be invoked . . and relied upon as giving such right of jury trial, then this provision is no bar to this police trial; first, because this is an offense against the city, and not against the laws of the State, . . and, secondly, because such or equivalent provisions in the constitution of the United States and all the constitutions of this State have never been held to apply to police of cities and towns, and arrests and trial, with fine and imprisonment therein, under ordinances thereof." The ordinance relied upon by the plaintiff in error is as follows: "The recorder shall try the case under the same rules of practice and evidence, as far as practicable, as govern the superior courts of the State, and, after an impartial hearing, make such order or disposition of the case as the law and facts justify." The record shows that no demand was made upon the recorder for a list of such witnesses, and, even if the constitutional ground applied on a charge of a violation of a municipal by-law, the ordinance was not complied with by the accused or his counsel.

2. Other assignments of error are not urged in the brief submitted, and will therefore be treated as abandoned.     *Judgment affirmed.*

DECIDED JULY 29, 1916.

Certiorari; from Laurens superior court—Judge Kent. April 24, 1916.

*George B. Davis,* for plaintiff in error.