## HETZER *v*. THE PEOPLE.

1. The legislature is competent to confer concurrent jurisdiction upon the city and county authorities to demand each a license from an individual for vending spirituous liquors within the city limits.

2. Where the legislature vests either in the city or county authorities the *exclusive* right to license vendors of spirituous liquors, a license to a vendor from the authority exclusively authorized to grant it is all that can be required. (*Paton* v. *The People*, 1 Col. 79, distinguished.)

*Error to District Court of Boulder County.*

THE case is stated in the opinion.

Mr. L. C. ROCKWELL and Messrs. THOMAS MACON & ALPHEUS WRIGHT, for plaintiff in error.

A. J. SAMPSON, attorney-general, for the People.

THATCHER, C. J.    There can be no question that it is

competent for the legislature to confer concurrent jurisdiction upon the city and county authorities to demand each a license from an individual for vending spirituous liquors within the limits of a city.

When such laws are enacted and penalties prescribed for their violation, the vendor of liquors within a city, unless armed with a license from both city and county (where a license from each is required), will not be protected from prosecution. One act may constitute two distinct offenses. It is no less clear, that the legislature may vest either in the city or county authorities the *exclusive* right to license vendors of spirituous liquors, and that when, in unequivocal terms, the sole authority to license is lodged either in the city or county, but one license will be required.

Section eight of chapter LIII, R. S., 1868, concerning "Licenses," provides that the board of county commissioners may grant licenses to keep saloons, hotels, public houses, or groceries, upon the conditions therein named.

Section nine provides, that upon application for licenses to keep saloons or groceries, the board may reject or grant the same in their discretion.

Section eleven provides, that "the board of trustees, or common council of every incorporated town or city, shall have *exclusive authority* to license saloons, groceries, and all places wherein spirituous, vinous, malt, or other intoxicating liquors are sold by quantities less than one quart."

The plaintiff in error, as alleged in the information, was the keeper of a saloon within the meaning of this chapter, in the incorporated town of Nederland, in the county of Boulder. The board of trustees of Nederland had issued to him a license authorizing him to keep the saloon. He held no license from the board of county commissioners. This the court below thought was necessary, and accordingly, upon the agreed statement of facts, found him guilty.

The conviction was error. The town license was a complete protection. Not by mere implication, but by express

words, the authority of the board of trustees to issue the license is *exclusive.* This case is clearly distinguishable from *Paton* v. *The People,* 1 Col. 79.

The opinion in that case rested largely upon the ground that the power to license was not declared to be exclusively vested in the city of Black Hawk.

Judgment reversed and cause remanded.

*Reversed.*