## HUFFSMITH v. THE PEOPLE.

The grant of exclusive power and authority to one jurisdiction to restrain, regulate or prohibit a business as to every day in the week, is irreconcilable with the existence of a concurrent power to prohibit the exercise of the same vocation upon a single day in the week.

*Error to Criminal Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. LUCIUS P. MARSH, for plaintiff in error.

Attorney-General D. F. URMY, for defendant in error.

BECK, C. J.    The defendant, Huffsmith, was indicted for keeping open a tippling house on the Sabbath day within the county of Arapahoe, contrary to the provisions of the state statute, which provides, among other things, that "if any person * * * shall keep open any tippling or gaming house on the Sabbath day or night, * * * every such person shall, on conviction, be fined not exceeding $100, or imprisoned in the county jail not exceeding six months."    General Statutes, p. 331, sec. 151.

The defense relied upon was, that the alleged offense was committed within the corporate limits of the city of Denver, in said Arapahoe county, and that the legislature, by an act approved February 13, 1883, entitled "An

act to reduce the law incorporating the city of Denver and the several acts amendatory thereof into one act, and to revise and amend the same," had vested in said city exclusive jurisdiction over the whole subject pertaining to the supposed offense, for which reason the defendant was not liable to indictment and punishment under the state statute.

Defendant offered to prove that, in pursuance of the power granted, the city had assumed jurisdiction over the entire subject by the adoption of an ordinance embracing the same, and that he had complied with the provisions thereof, which proof was rejected upon the trial, and the defendant convicted under said indictment.

Exceptions were duly reserved to the rulings and judgment of the court, and the same are assigned for error.

It will only be necessary to consider the question of jurisdiction, as that question, in our judgment, is decisive of the case.

Section 17 of the amended charter of the city of Denver confers power over a variety of subjects upon the city council, to be exercised "by ordinance not repugnant to the constitution of the United States or the constitution of the state of Colorado." Clause fifteenth of this section is as follows: "The city council shall have exclusive power within the city to license, tax, restrain, prohibit and suppress tippling houses, dram shops, and the selling or giving away of any intoxicating or malt liquors by any person within the city, except by persons duly licensed."

This act authorized the city council to make such regulations concerning tippling houses within the city limits, and to impose such restraints upon the keepers thereof, as it might deem expedient for the public peace and welfare; provided, the same were not repugnant to the constitution of the United States or the constitution of the state of Colorado.

Defendant offered in evidence an ordinance of the city

passed in pursuance of the powers granted, and which was in force at the time of the commission of the alleged offenses, which provides that licenses shall be given to persons to transact business of various kinds, including the vending of spirituous, vinous and malt liquors. Fees for licenses are prescribed and penalties provided for violations of the ordinance. He also offered in evidence a license granted to him under the provisions of said ordinance.

Section 11 of this ordinance provides as follows: "That hereafter it shall be unlawful to keep open any place where spirituous, vinous, malt or intoxicating liquors are sold or given away under a city license, or to sell or give away, either in person or by agent or servant, any such spirituous, vinous, intoxicating, or malt liquors, between the hours of 12 o'clock midnight and 5 o'clock A. M. of the day following."

This proof, if admitted, would have shown that the city had accepted and exercised the powers granted by the statute. By the ordinance referred to, it had restrained and prohibited the defendant and others from keeping open their tippling houses during a portion of every day in the week; that the restriction as to keeping open on the Sabbath was not as broad as that contained in the general law was not owing to any lack of power in the city.

The city council might have imposed, or may yet impose, precisely the same restriction enjoined by the general statute, and prohibit the keeping open of tippling houses on the Sabbath day.

If, then, the city government has power to adopt and enforce such an ordinance, and if a prosecution may also be sustained under the general law, the consequence is that the same person may be subjected to two distinct prosecutions and to be twice punished for the same offense, which is contrary to the fundamental principles of justice.

There are instances where the same act is held to be an offense against the laws of separate jurisdictions, and punishable by both, as, for example, against the laws of the United States, and also against the laws of a state, and according to the authorities, the same act may, under certain circumstances, constitute a penal offense under the laws of a state and under the by-laws of a municipality as well. But in such cases the one act is held to constitute two distinct offenses, neither of which is included in the other. That, however, cannot be said where one of the jurisdictions is exclusive as to the whole subject-matter of the offense.

In the present case it seems impossible that a concurrent jurisdiction to restrain tippling houses can exist in the state, and in the city as well. The same statute which confers upon the city exclusive control over such houses divests the state of its control over them. *Hetzer v. People,* 4 Colo. 45.

As suggested in argument, it does not appear that any question of public morals or sanctity of the Sabbath day is directly involved in this case, for the general statute, under which this conviction was secured, does not forbid the exercise of any other avocation or business on that day. It cannot, therefore, be said that this prosecution proceeds upon a different hypothesis from a like prosecution under an ordinance of the city upon the same subject.

From the foregoing considerations it follows that the amended charter of the city of Denver, and the ordinances passed thereunder, afford to the defendant a protection against this prosecution. The grant of exclusive power and authority to one jurisdiction, to restrain, regulate or prohibit a business as to every day in the week, is irreconcilable with the existence of a concurrent power to prohibit the exercise of the same vocation upon a single day in the week.

To this extent the act approved February 13, 1883, re-

pealed the general law, by necessary implication. *Bennett v. People,* 30 Ill. 389; *Siebold v. People,* 86 Ill. 33; *State v. Clark,* 54 Mo. 17; *State v. De Bar,* 58 Mo. 395.

The judgment is reversed.

*Reversed.*