ED. CUNNINGHAM, APPELLANT, v. THE PEOPLE, ETC.,
APPELLEE.

1   155
17c 314

SELLING LIQUOR ON SUNDAY.—Where the board of trustees of an in-
corporated town assumed control of the sale of liquors within its
limits in pursuance of the statute, and passed an ordinance author-
izing the issuing of licenses for the purpose, a saloon-keeper who
has been granted such license is not liable to indictment under sec-
tion 839, of the Gen'l Stat., for "keeping open a tippling-house on
the Sabbath day," in the absence of an ordinance to that effect.

*Appeal from District Court of Gunnison County.*

Messrs. GULLETT & CRUMP, for appellant.

JOSEPH H. MAUPIN, attorney general, for appellees.

RICHMOND, P. J.   This case is submitted upon an agreed
state of facts.   Appellant, Ed. Cunningham, was indicted
by the grand jury for keeping open a saloon where intoxi-
cating liquors were sold on the Sabbath, in the town of
Crested Butte, Gunnison county.   It is admitted that he
held a license from the trustees of said town to sell and deal
in intoxicating liquors and that the board of trustees had,
prior to the said alleged defense, assumed control of the sale
of intoxicating liquors within the limits of said town and
had granted said appellant such license, and that the trustees
had passed an ordinance in due form relating to the licensing
of such business and the regulation of the same which was
in full force on the day of such alleged offense; and that
there was no ordinance in existence prohibiting or controlling
the sale of liquors on Sunday.

Upon the agreed state of facts the court found the appel-
lant guilty, and assessed a fine.   From this judgment the
defendant appeals.

It is insisted that subdivision 18 of section 3312, Gen.
Laws 1883, grants to towns and cities the exclusive right

to license and regulate the sale of intoxicating liquors within such towns and cities, and that no indictment for a violation of section 839, to wit: " Keeping open a tippling-house on the Sabbath day," can be maintained.

Subdivision 18 of said section 3312 provides that towns and cities shall have the exclusive right to license, regulate, or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor within the limits of the city or town, or within one mile beyond the outer boundaries thereof, except where the boundaries of the two cities or towns adjoin, the license not to extend beyond the municipal year in which it shall be granted and to determine the amount to be paid for such license * * * .

We deem it unnecessary to discuss at length the proposition presented by this agreed state of facts. It has repeatedly received the consideration of the supreme court of this state and we are somewhat surprised, in the light of those decisions, that it was found necessary for the appellant to prosecute this appeal.

In the case of *Rogers v. The People*, 9 Colo. 450, it is expressly declared that it is competent for the legislature to confer upon the city authorities exclusive control, and such exclusive control having been given, a party cannot be indicted under the general law of the state, such power having been accepted by the enactment of an ordinance covering the offense.

In *Huffsmith v. The People*, 8 Colo. 175, it is declared that " The grant of exclusive power and authority to one jurisdiction to restrain, regulate or prohibit a business as to every day in the week, is irreconcilable with the existence of a concurrent power to prohibit the exercise of the same vocation upon a single day in the week."

In *Hetzer v. The People*, 4 Colo. 45, it is announced that " Where the legislature vests either in the city or county authorities the *exclusive* right to license vendors of spirituous liquors, a license to a vendor from the authority exclusively authorized to grant it is all that can be required."

The foregoing cases are confirmed by the supreme court in the case of *Heinssen v. The State*, 14 Colo. 228. Such being the conclusion of the supreme court of this state, no alternative is left us but to say that the judgment must be reversed and the cause remanded for proceedings in conformity with this opinion.

*Reversed.*