## Malere v. City of Denver.

*District Court of Arapahoe Co , Oct. 28, 1901,*
*No. 28,486.*

H. B. O'Reilly, plaintiff's attorney; Geo. C. Norris and N. B. Bachtell, defendant's attorneys.

CARPENTER, J.

In August, 1898, Malere was convicted in the police magistrate's court of the city of Denver of the offense of vagrancy, under an ordinance approved May 23d, 1885. Quite an extended definition of vagrancy is given by the ordinance, much more elaborate than the definition given by the statute. (1 Mills Ann. St., § 1362.) I think it is true, as urged by Malere's counsel, that the authorization to the city council by the charter of 1885 (L. '85, p. 86, § 20, subd. 50) to provide for the punishment of vagrants does not include the power to define vagrancy; that the power granted was simply to provide for the punishment of such persons as were vagrants under the definition by the state legislature.

But while the definition of a vagrant as given by the ordinance, as I have stated, is much more elaborate and in detail than that given by the statute, I think that the definition by the council is within the definition given by the statute, and that so long as no element is introduced into it other than what can be found to be within the statutory definition, although the city council did an unnecessary thing, that this objection cannot prevail.

Now, the second proposition is that every specification of the ordinance is included in the charge against the relator in this case, and a number of these specifications being absolutely inconsistent and contradictory, the charge is bad for that reason. It is true that there are a great many things charged that are inconsistent and contradictory. The defendant, although it is apparent that he is a male person, is charged with being a prostitute, an inmate of a house of prostitution, and a number of things not necessary to detail here—specifications absolutely inconsistent. I think, however, that all of these specifications on their face not applicable to the relator may be rejected as surplusage, and the complaint as filed before the police magistrate sustained, although the practice is not to be commended at all.

The important proposition is the third one, and that is that the penalty clause in this ordinance of May 23, 1885, is in contravention of the statute. The ordinance provides that one convicted of the offense of vagrancy "shall be fined not less than $25 nor more than $500, or by imprisonment in the city jail not exceeding ninety days." and that in case of failure to pay this fine the defendant shall be compelled to work it out, "at the rate of one dollar per day for the period of his imprisonment." It may be that by the phrase "for the period of his imprisonment" the city council intended that the time of labor should not in any case exceed ninety days, but I doubt that it will bear such interpretation. It seems to me that if any meaning is to be attached to it at all, it is that the period of imprisonment shall be such space of time as may be necessary to satisfy the fine at the *per diem* fixed, and that if the police magistrate saw

fit to impose the maximum penalty of $500, and the defendant could not or would not pay the fine, the ordinance requires him to labor upon the street for a period of five hundred days in order to satisfy his fine.

The city charter under which this ordinance was passed was approved and went into effect on the 16th day of March, 1885. It authorized imprisonment only in case the fine imposed was not paid. It did not authorize fine or imprisonment. On the 18th day of March, 1885, the statute (2 Mills Ann. St., § 3516) creating the police magistrate's court for the city of Denver was approved and became operative. That statute provides (2 Id., § 3525) that a party convicted in the police magistrate's court shall be entitled to two dollars per day in the way of satisfying a judgment, should he satisfy the fine by imprisonment, and that such imprisonment shall in no case exceed ninety days. Suppose that the fine in this case had been fifty dollars. Under the ordinance the relator would be compelled to labor fifty days to satisfy it, while the police magistrate's act requires his discharge in twenty-five days. The charter of 1893 (L. '93, p. 144, § 18) provides also that imprisonment shall not exceed ninety days, and that it shall be suffered only in case the fine is not paid. Such being the case, this ordinance, as regards the penalty, was not only in conflict with the statutes at the time of its passage, but conflicts with the charter of 1893. And I think, under the doctrine of the McInerney case in 17 Colo. 302, the defendant below, the plaintiff here, is entitled to this writ. I think that is very clear from that case. The writ was allowed in that case by the supreme court on the ground that the penalty

clause of the ordinance was bad.

It was urged by the city that the writ of prohibition is *ex gratia* and not *ex debito justitiæ*, and that under the circumstances of this case the favor of the court ought not to be exercised in the relator's behalf. It is true that the supreme court has, in a number of cases, with respect to its own jurisdiction, said that the writ was issued as a matter of favor, was in the discretion of the court, that it did not issue as a matter of right. I seriously doubt that, when an application is made to the district court, which is a court of general jurisdiction, but I am very strongly inclined to the opinion that in this court it is a writ of right. In the supreme court, a court not bound to take original jurisdiction, it may be a matter of favor. It is, in fact, for the supreme court have said so.

But, however that may be, I think that having arrived at the conclusion that the penalty clause is bad in this ordinance, that under the authority of this McInerney case in 17 Colo. 302 the motion to quash the temporary writ must be denied, and it is made absolute.