---

[No. 7674.]

## CLAYTON v. THE PEOPLE.

1. STATUTES—*Construction*—A statute unequivocal in terms must be taken according to its letter.

2. ——*Construed*—There is no conflict between the Local Option Act of 1907 (Rev. Stat. sec. 4094-4111) and the Revenue Act of 1911 (Laws 1911 c. 166).

Neither sections 5548, 5549 of the Revised Statutes, nor the amendment thereof by the act of 1911 (Laws 1911, c. 166, sec. 1) authorize the holder of the license from the state, thereby required, to make sale of intoxicating liquors. These enactments go no further than to provide that one authorized by law or ordinance to engage in that traffic, shall, in addition to all other exactions, pay to the state the annual license fee prescribed. Their purpose is solely to secure revenue for state purposes.

3. CRIMINAL LAW—*Pharmacist Selling Intoxicating Liquors*, even for medicinal purposes, must be possessed of the license required by the statute (Acts 1911 c. 166, sec. 1).

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Messrs. FRANKLIN & TEDROW, for plaintiff in error.

Hon BENJAMIN GRIFFITH, attorney general, Mr. CHARLES O'CONNOR, assistant attorney general, for the people.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was convicted of selling intoxicating liquors without a license from the treasurer of state, as required by section 1 of chapter 166 of the Session Laws of 1911. He brings the case here for review upon error.

It is admitted, that the plaintiff in error is a regularly licensed pharmacist and as such conducts a reputable retail drugstore at 1775 Humbolt street in the city of Denver; that it is situate in anti-saloon territory, so created by an election authorized by what is commonly known as the Local Option Act (being chapter 86, Revised Statutes, 1908); that the conviction was for a sale made at this place upon a prescription which was given in good faith by a reputable and duly licensed physician and was given and filled for medicinal purposes only.

The evident object of this suit is to test the right of duly licensed pharmacists to make such sales of intoxicating liqours in anti-saloon territory without securing a license from the treasurer of state, as required by the act of 1911.

In 1902 the legislature enacted as a part of the General Revenue Laws of the state sections 5548 and 5549, Revised Statutes, 1908; they provide for an annual license fee of $25 to be paid to the treasurer of state for each drugstore, or other place, where liquors are sold, with a penalty for their violation. In 1907 there was passed what is known as the Local Option Law comprising sections 4094 to 4111 inclusive, Revised Statutes, 1908. In 1911 the legislature amended general section 5548, Revised Statutes of 1908; as amended it reads as follows:

"Every person, company or corporation, selling in any form whatever any malt, vinous or spirituous liquors, shall in addition to other license fee exacted by law, or by the ordinance of any municipality, pay to the state of Colorado an annual license fee of twenty-five dollars per annum in advance, for each and every saloon, restaurant, hotel, club, drug-

store, liquor store, or any place where any said liquor shall be sold. The license aforesaid shall be issued by the treasurer of state, to whom the license fee aforesaid shall be paid; the said license to specify the date of issuance, the period which it covers, the name of the licensee, the place licensed, and that such license is issued subject to the ordinances of the city or town and to the regulations of the county on the subject, in which the place so licensed is located. Said license shall be conspicuously exposed at all times in the place thereby licensed; and all constables, sheriffs and police officers shall see to it that every such person, company and corporation within his jurisdiction has procured such license. Neither the county authorities of any county, nor the officers of any municipalities shall issue, transfer or renew any license to sell any malt, vinous or spirituous liquors until such person, company or corporation shall in the first instance produce a state license, as provided herein, covering the whole period for which a license or a renewal or transfer thereof is asked from any county or municipality; *Provided,* that the said state license may be transferred to successors in business upon the same being returned the state treasurer, together with a transfer fee of two dollars and fifty cents ($2.50), which said fee shall be collected by the state treasurer, from all applicants for a transfer of license, before such transfer shall be by him made. The state treasurer shall then endorse thereon the date of the transfer and the party to whom the transfer is made, and a record of such transfer shall be made and kept in the state treasurer's office."

Counsel for plaintiff in error contend: first, that the local option law of 1907 repealed the revenue act of 1902 insofar as druggists in anti-saloon territory are concerned; second, that the local option law prohibits any licensing by the state in anti-saloon territory; and third, that the act of 1911 above quoted does not authorize the license fee from druggists in anti-saloon territory.

It is unnecessary to determine whether the local option law repealed any portion of general section 5548, Revised. Statutes, 1908, being section 18 of the Revenue Act of 1902, for the reason, if it did, it stands conceded that portions of it still remained, and the section as amended being section 1 of chapter 166 of the laws of 1911 makes a complete law within itself upon the subject; section 2 following, as therein stated, repeals all acts and parts of acts in conflict with it; hence, it being the latest declaration upon the subject, of necessity, as stated, repeals everything in conflict with it, and as its language is plain, it must be taken to mean what it says.

In *Parsons v. The People,* 32 Colo. 221, practically this same question was reasoned out wherein it was held, that druggists doing business in towns where they held permits from the board of trustees to sell liquor for medicinal purposes, although prohibited from otherwise selling it, were subject to the provisions of section 18 of the Revenue Act of 1902; that there was no conflict between the permit law or regulation act of 1895 and the Revenue Act of 1902. Following this line of reasoning we fail to see where there can be any conflict between the Local Option Act of 1907 and the Revenue Act of 1911.

The Local Option Act, if it repealed any portion, was never intended to repeal all of section 18 of the act of 1902. This is evident for the reason that in many parts of the state the Local Option Act has never become effective and would not apply, and can not apply until adopted. The Revenue Act of 1902 was still in force, in such territory if not in the entire state, a question unnecessary to determine. This being true, section 18 of the act of 1902 was subject to amendment by the legislature of 1911, they having seen fit to amend it and make it more specific as to certain matters, and also provided a repealing clause of anything in conflict therewith; it would be an act of judicial legislation to attempt to give to it any construction other than the plain meaning which the language indicates.

The amendment of 1911 was enacted two years after the Local Option Act. There is no exception in it as to druggists selling upon prescription in anti-saloon territory or otherwise; had it been intended to preclude them from the provisions of the act we think it would have so stated.

It will further be observed that neither the Revenue Act of 1902 nor the amendatory act of 1911 authorizes the holder of a state license to make sales of such liquors, but in substance only provide that when a person selling such liquors has authority by law or ordinance so to do, he shall, in addition, pay to the state an annual license fee of $25. There is no element of regulation about it; but to the contrary, as said in the case of *Parsons v. The People, supra,* "it is imposed solely for the purpose of securing revenue for state purposes."

The local option law is a regulation measure, or more particularly grants the right of prohibition except as to sales under certain conditions. The act of 1911 is the same as the one amended, a state revenue act, with no exceptions in it. The constitutionality of its substance was thoroughly discussed and sustained in the case of *Parsons v. The People,. supra.*

If true, the fact that such sales would be insufficient to justify the securing of such a license is a matter with which we have no concern; that appeal should be made to the legislature. It is optional with the plaintiff in error to make such sales. The act having made no exceptions we must enforce it as we find it, for which reason we conclude that if the plaintiff in error or other pharmacists desire to make sales of such liquors even for medicinal purposes on prescription in anti-saloon territory or elsewhere, it is incumbent upon them to be possessed with a license from the treasurer of state.

The judgment is affirmed.                    *Affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.