PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* WALTER G. SMITH.

APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, JUNE 30, 1893.          DECISION, JULY 17, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

There is no appeal to the Supreme Court from a decision of a District Magistrate upon a demurrer to a charge against a defendant in his examination for an offense cognizable before a jury.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was charged with libel in the District Court of Honolulu. He filed a demurrer to the charge which, after argument, was overruled by the magistrate. He did not plead, nor was there any evidence taken, nor did the magistrate either commit him for trial or discharge him. But an appeal was immediately taken to the Supreme Court from the ruling of the magistrate against the demurrer. When the matter came up before us, attention of counsel was called by the Court to the novelty of the proceeding, but as the counsel for the prosecution made no objection to the procedure, stating, however, that he was not thereby to be considered as approving of the course taken the Court heard argument on the merits of the demurrer.

We think now that it was irregular, and since it might be considered a precedent, we wish now to prevent the initiation of a practice that will lead to great embarrassment.

The proceeding in district courts where a party is charged with an offense cognizable before a jury is not strictly a "trial." It is a preliminary examination, somewhat analogous to the proceedings of a grand jury in other juris-

dictions. The defendant is not required to plead to the charge, though he often does so. He is not put on his defense, and he may waive the examination altogether, or he may proceed with his defense. All that the statute requires is that the magistrate shall "consider whether there is probable cause to believe that a jury would, upon the evidence adduced, convict the accused of the offense of which he is charged," * * * and he must either release the prisoner or commit him for trial at the circuit court. There are but these two alternatives, and, in their very nature, there is no appeal from either decision. Every legal objection available to the defendant can be presented in the district court, and, if the result of the proceedings should be a commitment, they are again available to the defendant in the court where his trial is to take place.

We do not find that the present statute concerning appeals (Section 68, Chapter LVII. of the Act to Reorganize the Judiciary) has enlarged the right of appeal. Formerly, by Section 1006 of the Civil Code, a party deeming himself aggrieved by the "decision" of a district magistrate could appeal. Now the statute above cited allows appeals from "all decisions." But neither of these statutes allows appeals from interlocutory or provisional orders, rulings or decisions of a district magistrate.

We therefore decline to assume jurisdiction over this appeal, and dismiss the same and send the case back to the District Court of Honolulu for further proceedings.

*F. M. Hatch,* for prosecution.

*A. S. Hartwell,* for defendant.