*P. Neumann,* for petitioner.

---

## REPUBLIC OF HAWAII *v.* W. FERNANDEZ.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED JULY 3, 1895.                 DECIDED JULY 12, 1895.

JUDD, C.J., AND FREAR, J.

(Mr. Justice Bickerton did not join in the decision, being ill, and by stipulation of parties the decision is by the remaining Justices.)

Alleged errors of law by a District Magistrate during the progress of an examination of a person charged with a criminal offense cognizable before a jury, are not reviewable by the Supreme Court on appeal on points of law. The discretion of a Magistrate in committing an accused for trial is not reviewable on appeal.

The defendant, W. Fernandez, was charged before the District Magistrate of Honolulu with the offense of perjury, which offense is not within the summary jurisdiction of the Magistrate but is one for commitment, if in the opinion of the Magistrate there is probable cause to believe that a jury would, upon the evidence adduced, convict the accused of the offense with which he is charged, and, if in his opinion the testimony does not warrant commitment for trial, he shall release the prisoner.    Sec. 22, Act of 1892, to reorganize the Judiciary.

The Magistrate committed the accused for trial by jury in the Circuit Court, First Circuit.    The accused now appeals to the Supreme Court on points of law, and claims that Section 68 of the Judiciary Act authorizes such appeal.

The clause of this section bearing upon this matter reads: "And, further, provided that any appeal solely upon points of law from a decision of a District Magistrate shall be so stated in the notice of appeal, and such appeals upon points of law may be made either to the Circuit Court of the same Circuit, or to the Supreme Court, at the option of the party appealing, and such appeal shall be heard and determined without the intervention of a jury; and the bond shall be the same as hereinbefore provided in the case of waiver of jury."

In the case before us the prosecution had closed its proofs, and a motion was made by counsel for the accused for his discharge on the ground that the evidence was insufficient to warrant a committal.    The motion was resisted by the prosecution and the Magistrate took time to consider it.    On the case being brought up again, the prosecution admitted that the evidence was insufficient and asked leave to reopen the case for the adduction of further proofs.    This was resisted by the accused's counsel, and the leave to reopen was thereafter granted, and further evidence put on.    Another motion for discharge was made and overruled and the accused put in his evidence, and counsel renewed his motion for discharge

which was overruled and the Magistrate committed the accused for trial, and an appeal was taken to this Court on the points of law, that it was error to reopen the case and that the whole evidence did not warrant the committal.

The question is now brought for our decision whether a commitment for trial for an offense cognizable before a jury is appealable for alleged errors of law made during the examination.

This question has never been squarely raised heretofore. In *Provisional Government v. Ah Un,* 9 Haw. 164, we held that where a person was charged with an offense within the summary jurisdiction of a Magistrate and a motion was made for his discharge and overruled such decision was not appealable because it was not a final judgment, but was merely interlocutory or provisional.

In *Provisional Government v. Smith,* 9 Haw. 179, we held that where a person charged with an offense cognizable before a jury, demurs to the charge, the overruling of such demurrer is not appealable. And in a civil case, *Brown v. Carvalho et al.,* 9 Haw. 180, we held that there was no appeal from a decision of a District Court overruling a demurrer for misjoinder of parties, no final judgment having been rendered.

None of these cases are exactly parallel with that at bar. But much of the reasoning of the case of *Prov. Govt. v. Smith* will apply here. We repeat what we said there:

"The proceeding in district courts where a party is charged with an offense cognizable before a jury is not strictly a 'trial.' It is a preliminary examination, somewhat analogous to the proceedings of a grand jury in other jurisdictions. The defendant is not required to plead to the charge, though he often does so. He is not put on his defense, and he may waive the examination altogether, or he may proceed with his defense. All that the statute requires is that the magistrate shall 'consider whether there is probable cause to believe that a jury would, upon the evidence adduced, convict the accused of the offense of which he is charged,' * * * and he must

either release the prisoner or commit him for trial at the Circuit Court. There are but these two alternatives, and, in their very nature, there is no appeal from either decision."

We adhere to this view. The conclusion reached by the Magistrate, to commit the accused for trial, is not reviewable. His decision to commit is not a final judgment in the case. It is only one stage of it.

Errors of law by the Court either in admitting or refusing evidence during the examination, cannot harm the accused very long. For if the errors of law are vital, and if the defendant should not be held for trial because the evidence does not warrant either a committal or a conviction, the Attorney-General may decline to present an indictment, or the Circuit Judge may decline to find it, or the Presiding Judge may order the jury to acquit the defendant or the jury may acquit. The committal of the Magistrate is not final.

If, in this case, the defendant's motion for release for insufficiency of evidence had been granted, what would prevent the prosecution from rearresting him and presenting sufficient evidence upon which the Magistrate would be warranted to commit him? He could not plead a former acquittal, for the release would only be justified if the evidence then presented warranted it, and on the second examination the only question would be "does the evidence *now* before the Court warrant commitment?"

It may be said, as was said by defendant's counsel, that if this appeal is not sustained, the defendant would be remediless. But we must remember that the object of an examination for commitment is for the purpose of ascertaining if sufficient evidence can be produced to convince one man, the District Magistrate, that there was "probable cause to believe that conviction would take place before a jury." The fact that a Magistrate has so found should not in fact and does not in law, weigh against the defendant when tried by a jury upon the evidence adduced before him and them, and on that evidence only. The Magistrate reopened the case in his discretion to

let in essential and material evidence and we do not find any abuse of discretion in his so doing, considering the statutory nature of the hearing.

But in expressing this opinion we do not hold that we have any jurisdiction to decide such a question.

The second point made that the whole evidence did not warrant the commitment we decline to discuss. To do this we should be usurping the function of the District Magistrate, the function of the Attorney-General in deciding whether an indictment should be presented, and that of the Circuit Judge in considering whether the indictment should be found.

The appeal is dismissed.

*A. M. Brown,* for the prosecution.,

*A. G. M. Robertson,* for the defendant.