## TERRITORY OF HAWAII v. CHISI NISHIMURA.

APPEAL FROM DISTRICT MAGISTRATE OF MAKAWAO.

SUBMITTED JUNE 7, 1915.                    DECIDED JUNE 19, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*jurisdiction—district magistrate—jury trial.*
    A defendant was charged before a district magistrate with the offense of selling liquor without a license, appeared and demanded a trial by jury; the district magistrate granted the demand; the prosecution refused to introduce any evidence; the defendant moved for her discharge, which motion was denied, and she was committed to answer to the circuit court: Held, the district magistrate had no jurisdiction to commit the defendant for trial to the circuit court in the absence of evidence tending to show the commission of the offense and the probability of defendant's guilt, and that defendant was entitled to her discharge.

OPINION OF THE COURT BY QUARLES, J.

The appellant, hereinafter called the defendant, was charged in the district court of Makawao on the 23rd day of April, 1915, with the offense of selling, disposing of and furnishing to another intoxicating liquor without a license so to do, she not being the agent or employee of a licensee to sell intoxicating liquor, in violation of section 2155 R. L. 1915. The defendant appeared and demanded a trial by jury, whereupon the assistant county attorney took the position before the district magistrate that the demand for a jury trial ousted the district magistrate of jurisdiction. Counsel for defendant there and then moved that the prosecution introduce the evidence against the defendant. The district magistrate overruled the said motion and the prosecution declined to introduce any evidence, whereupon counsel for the defendant moved that the defendant be discharged; which motion the district magistrate also overruled. The district magistrate then made an order granting "the demand of the defendant for a trial by jury, to the circuit court of the second judicial circuit." The defendant has appealed to this court on points of law, perfecting her appeal within the time required by law. The points of law stated in the certificate of · appeal are as follows: "First—that the court erred in holding the defendant for trial after the prosecution refused to put any evidence on. Second—that the court erred in refusing to discharge the defendant for the reason that there was no evidence in the case on which to hold the defendant." Section 2299 R. L. 1915 is as follows:

"District magistrates shall have jurisdiction of, and their criminal jurisdiction is hereby limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without hard labor or with or without fine. Provided, however, that they shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury; and, provided, further, that in any case cognizable by a district magistrate as aforesaid in which the accused shall have the right to a trial

by jury in the first instance, the district magistrate, upon demand by the accused for such trial by jury, shall not exercise jurisdiction over such case, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused shall not demand a trial by jury in the first instance, the district magistrate may exercise jurisdiction over the same subject to the right of appeal as provided by law."

The punishment for the offense charged, provided by section 2155 R. L. 1915, is a fine of not less than one hundred dollars nor more than one thousand dollars, or imprisonment not more than twelve months, or both.

By the provisions of section 2299, above quoted, if the defendant was entitled to a trial by jury in the first instance, then her demand for a jury trial ousted the district magistrate of jurisdiction to try the case upon its merits. Under the express provisions of the second proviso in said statute, the demand for a jury trial having been made, it became the duty of the district magistrate to examine into the charge against the defendant by hearing the evidence for and on behalf of the prosecution and then to discharge the defendant or commit her for trial to the circuit court. The prosecution refusing to introduce any evidence against the defendant she was there and then entitled to her discharge if she was entitled to a trial by jury in the first instance. In section 83 of the Organic Act creating the Territory of Hawaii Congress has prescribed the qualifications of grand and petit jurors, and among other things has expressly provided: "No person shall be convicted in any criminal case except by unanimous verdict of the jury." "The words 'criminal case' apply to proceedings in a court against an accused person charged with doing something forbidden, who, if found guilty, is punished" (*United States* v. *Dunne,* 173 Fed. 254, 257).

It will be seen by section 2299, *supra,* that the jurisdiction of district magistrates in criminal cases is limited to those cases in which the defendant by failing to demand a jury trial,—in cases where the defendant is entitled to a jury trial in the first instance,—is deemed to have waived the same and that when

such demand for a jury trial is made by a defendant the district magistrate must then hold an examination, inquire into the charge against the defendant, and discharge him, unless the evidence is sufficient to show probable guilt, in which case he is to be committed for trial to the circuit court of the circuit. The offense charged in this case is one over which the circuit courts could exercise jurisdiction in the first instance under the provisions of chapter 215 R. L. 1915.

The right of trial by jury is a common law right, of which it is said in Blackstone, Book 4, p. 349: "The antiquity and excellence of this trial for the settlement of civil property has before been explained at large. And it will hold much stronger in criminal cases; since in times of difficulty and danger, more is to be apprehended from the violations and partiality of judges appointed by the Crown, in suits between the King and the subject, than in disputes between one individual and another, to settle the metes and boundaries of private property. Our law has therefore wisely placed this strong and two-fold barrier, of a presentment and a trial by jury, between the liberties of the people and the prerogative of the Crown. * * * · But the founders of the English law have, with excellent forecast, contrived that no man should be called to answer to the King for any capital crime, unless upon the preparatory accusation of twelve or more of his fellow subjects, the grand jury, and that the truth of every accusation, whether preferrd in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors indifferently chosen and superior to all suspicion."

Section 1 R. L. adopts the common law of England, except as to criminal offenses and certain other exceptions, but the common law right of trial by jury in criminal cases is thereby recognized in this jurisdiction, as well as in section 83 of the Organic Act, above cited. The charge against the defendant was one in which she was entitled to a jury trial in the first instance, and when she demanded a jury trial it became the duty of the

prosecution to introduce evidence tending to show the commission of the offense and the probability of the defendant having committd the same. *Ex parte Higashi,* 17 Haw. 428, 443. The prosecution failing to introduce any evidence against the defendant, it was error on the part of the district magistrate to deny the motion of the defendant for her discharge, and he had no jurisdiction to hold her to answer to the circuit court, unless the defendant waived an examination upon the charge, without holding such examination.

The appeal of the defendant is sustained on both points of law and the case is remanded to the district court of Makawao with instructions to discharge the defendant.

No appearance for the Territory.

*E. Murphy* for defendant.

