Syllabus.

## TERRITORY *v.* KIYOTO TAKETA.

## No. 1545.

RESERVED QUESTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MAY 26, 1924.                    DECIDED JUNE 17, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW—*right to trial by jury.*
   In a prosecution for a violation of Act 36, S. L. 1920, a defendant is not entitled to a trial by jury in the first instance.

DISTRICT MAGISTRATES—*jurisdiction of.*
   A district magistrate has jurisdiction to try a defendant upon a charge of violating the provisions of Act 36, S. L. 1920, after defendant has demanded a jury trial and waived examination in the district court.

OPINION OF THE COURT BY LINDSAY, J.

Defendant was charged before the district magistrate of Honolulu with violating Act 36, S. L. 1920, by teaching school without first having obtained a certificate from the department of public instruction. He demanded a trial by jury and waived examination, but such demand was refused. He then filed a plea to the jurisdiction of the district magistrate, claiming that the district magistrate ought not to have or take cognizance of the cause because he had demanded a trial by jury and waived examination, and that he was entitled to a trial by jury under Article III of the Constitution and the Sixth Amendment thereof, as well as by section 83 of the Organic Act of this Territory. This plea was overruled. Defendant then demurred to the charge on several grounds, including the alleged invalidity of Act 36, S. L. 1920, under the Constitution and the Treaty with Japan.

The demurrer was overruled and the district magistrate, over the objection of defendant that he was entitled to a trial by jury, tried the case, found the defendant guilty as charged, and sentenced him to pay a fine of five dollars without costs of court. The defendant thereupon appealed to the circuit court upon the following points of law:

"1. In a prosecution for a violation of Act 36 of the Session Laws of Hawaii of 1920, is the defendant entitled to a trial by jury in the first instance?

"2. Has the district magistrate jurisdiction to try the defendant upon the charge of violating the provisions of Act 36 of the Session Laws of Hawaii of 1920 after said defendant has demanded a jury trial and waived examination in the district court?"

which questions the circuit judge has reserved for the consideration of this court.

It is provided by Act 36, S. L. 1920, that no person shall serve as a teacher in any school without having first obtained a certificate from the department of public instruction, and that any person who shall serve as a teacher without holding such a certificate shall be punished by a fine not exceeding twenty-five dollars.

But one question is raised herein, namely, under a charge of violating the Act in question is the defendant entitled, as a matter of right, to a trial by jury in the first instance if he demands the same?

Article III of the Constitution provides that "The trial of all crimes, except in cases of impeachment, shall be by jury," and the Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." By section 83 of the Organic Act of this Territory it is provided that "No person shall be convicted in any criminal case except by unanimous verdict of the jury."

It is contended by defendant that the offense with

which he is charged constitutes a "crime" and that the proceeding before the district magistrate is a "criminal prosecution," in support of which contention defendant cites certain definitions of the term "crime," namely, "An act committed or omitted in violation of a public law either forbidding or demanding it." Anderson's Dictionary of Law. Also as "A wrong of which the law takes cognizance and punishes in what is called a criminal proceeding prosecuted by the state in its own name or in the name of the people or the sovereign." *Id.* The defendant also quotes the definition given by this court to the words "criminal case" in *Territory* v. *Nishimura,* 22 Haw. 614, 616, namely, "The words 'criminal case' apply to proceedings in a court against an accused person charged with doing something forbidden, who, if found guilty, is punished."

Our statutes contain numerous inhibitions against acts, failure to observe which, renders the person liable to a trivial fine. For driving cattle through the streets of Honolulu between certain hours, or driving a dray faster than a walk, or driving a vehicle at night without a light, or driving on the wrong side of the road, or walking on a railroad bridge, or affixing posters on fences, etc., etc., a person is liable to be mulcted in a fine of from ten to twenty-five dollars. The offense with which this defendant is charged, punishable as it is with but a small fine, is clearly within this class of offenses and, if the contention of defendant is sound, all persons proceeded against for the violation of any of these trivial statutory offenses may, as of right, demand that the question as to whether they have or have not violated such statute, be submitted to the investigation of a jury. If the law be as thus contended for and every person alleged to have violated one of these petty statutory provisions is entitled, in the first instance, to a trial by jury, with all

the delays and expense attendant to that method of trial, the simplification of court procedure that is being so strenuously agitated alike by lawyers and laymen will be much delayed if not indefinitely postponed.

Notwithstanding the apparently broad and inclusive language of the constitutional provisions safeguarding the right of persons accused of crimes to trial by jury, there are undoubtedly certain infractions of the law for which the offender may, without right in the first instance to trial by jury, be summarily tried and punished by a district magistrate. The jurisdiction of district magistrates to try criminal cases is set forth in sections 2299 and 2300, R. L. 1915, as follows:

Sec. 2299. "District magistrates shall have jurisdiction of, and their criminal jurisdiction is hereby limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without hard labor or with or without fine. Provided, however, that they shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury; and provided, further, that in any case cognizable by a district magistrate as aforesaid in which the accused shall have the right to a trial by jury in the first instance, the district magistrate, upon demand by the accused for such trial by jury, shall not exercise jurisdiction over such case, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused shall not demand a trial by jury in the first instance, the district magistrate may exercise jurisdiction over the same subject to the right of appeal as provided by law."

Sec. 2300. "District magistrates shall have power, subject to appeal according to law, and except as otherwise provided in cases in which the accused shall have the right to and shall demand a trial by jury in the first instance, to try without a jury, and to render judgment in all cases of criminal offenses coming within their respective jurisdictions * * *."

It thus appears that by the first provision of section 2299 criminal jurisdiction, in general terms, is conferred upon district magistrates to try offenses punishable by fine or imprisonment for not more than one year. There are, however, limitations imposed upon the jurisdiction thus given, the first being that the district magistrate shall not have jurisdiction over offenses for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury; furthermore, the district magistrate may not try a case *in which the accused shall have the right to trial by jury in the first instance,* if the accused shall demand such trial by jury. If in such a case, a demand for a jury is made, the district magistrate becomes a committing magistrate, no longer empowered to try the case and impose punishment, but only to examine and discharge or commit the accused for trial as the case may be. If the accused does not demand a trial by jury in the first instance the district magistrate may entertain jurisdiction and try the case subject to the right of the accused to appeal as provided by law. Section 2299 having thus prescribed the class of cases in which the district magistrate may or may not entertain jurisdiction, it is next provided by section 2300 that "District magistrates shall have power    *    *    *    except as otherwise provided in cases in which the accused *shall have the right to and shall demand a trial by jury in the first instance,* to try without a jury, and to render judgment in all cases of criminal offenses coming within their respective jurisdictions." It is clear from the language of the sections quoted that it was contemplated that in certain cases coming before district magistrates the accused had the right to and might demand a trial by jury in the first instance, and provision was accordingly made for such cases. On the other hand it is equally clear that it was recognized that in certain other cases

the accused would not have the right to a trial by jury in the first instance.

Congress, in conferring jurisdiction upon the police court of the District of Columbia, has recognized that there are certain petty cases in which an offender is not entitled, in the first instance, to trial by jury. By section 44 of the Code of Law for the District of Columbia it is provided that "in all prosecutions within the jurisdiction of said court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, unless the accused shall in open court expressly waive such trial by jury and request to be tried by the judge, in which case the trial shall be by such judge, and the judgment and sentence shall have the same force and effect in all respects as if the same had been entered and pronounced upon the verdict of a jury. *In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury* [italics ours] the trial shall be by the court without a jury, unless in such of said last named cases wherein the fine or penalty may be $50 or more, or imprisonment as punishment for the offense may be thirty days or more, the accused shall demand a trial by jury, in which case the trial shall be by jury."

Although the framers of the Constitution were zealous in safeguarding the right of persons accused of crime to trial by jury and used language sufficiently broad and inclusive as to be capable of the construction that in every case in which it was alleged that a person had violated the law, in however trivial a degree, he was entitled in the first instance to a trial by jury, it is obvious that, strictly speaking, not every trifling infraction of the law constitutes a "crime," and it has been uniformly held that the word "crimes" as used in Article III of the Constitution, did not refer to petty offenses. "But petty

offenses do not come within the meaning of the term 'crimes' so as to justify a trial by jury where one is accused of such an offense." Watson on the Constitution, Vol. 2, p. 1139, citing *Schick* v. *United States,* 195 U. S. 65. As was stated by this court in *Ex parte Higashi,* 17 Haw. 428, 439, "As to constitutional guaranties of a jury trial of all crimes and of the right to a speedy and public trial by an impartial jury in all criminal prosecutions, they do not refer to petty offenses or violations of ordinary municipal ordinances or to such offenses as at common law are summarily tried by a justice of the peace" (citing *Callan* v. *Wilson,* 127 U. S. 540) ; and in *Territory* v. *Nishimura,* 22 Haw. 614, 616, this court speaks of "cases where the defendant is entitled to a jury trial in the first instance," thus recognizing that in certain cases no such right exists.

From the authorities it abundantly appears that for the commission of a petty offense, the prescribed punishment for which is not severe, the offender may be haled before an inferior magistrate and summarily tried and punished without trial by jury. Speaking of the prosecution of such petty cases Mr. Bishop in his New Criminal Procedure, Vol. 1, secs. 152, 153, says: "Therein some person, official or non-official, complains before the magistrate that another has committed a petty offense described; whereupon a warrant issues for his arrest. On his being brought before this or some other magistrate, evidence is heard, and without a jury he is convicted or discharged as the case requires. * * * For obvious reasons, this course, as to petty offenses, is highly beneficial and just." And the same learned author, speaking of "due process of law," at section 891 says: "In criminal cases, by all opinions, it secures to defendants, as did the like words in Magna Charta, those fundamental rights of trial which previous usage had established. By

prior expositions in England, this 'due process of law' included jury trial in cases wherein it had been before used;" and, at section 892, in speaking of clauses in State Constitutions preserving to those accused of crime the right of trial by jury, the author continues: "Some provide for jury trial 'in all cases in which it has heretofore been used.' The usage meant is that existing when the Constitution was adopted; as, if trivial offenses had been before triable in an inferior court without a jury, they may be so afterward. * * * And whatever, under former usage, could be prosecuted without jury, can ordinarily be so now."

In discussing this subject Proffatt on Jury Trials says:

Sec. 84. "It was not the intent of the people either to create, enlarge or restrict the right, but to secure and establish it as it was previously known and practised in civil and criminal cases."

Sec. 87. "From the preceding examination, it is seen that the right is in a broad general sense a constitutional one, guarded and assured by the fundamental laws of the land; but it is at the same time evident that it is not given, nor can it be claimed in *every* case where a person may suffer punishment or lose property. Hence the fact is presented for inquiry, In what cases can such a trial be demanded as a constitutional right? For however the right may be defined or fixed, the inquiry can be made, as a purely historical fact, when and in what cases it is a matter of right, for the interpretation has been uniformly given * * * that the right is to be confined to these classes of cases only in which it was used at the time of the adoption of the Constitution, unless it is expressly restricted or extended to others."

Sec. 88. "There were always classes of certain minor offenses, either according to the common law or created by statute, which were punishable by certain magisterial officers in a summary way without the right to a jury trial."

Sec. 95. "It is evident that a jury trial cannot be demanded in every case where a person is punished for a criminal offense. Such was not the practice at any time in the common law, and before the adoption of our Constitutions. It would be manifestly impracticable; for there must be some speedy, summary way to deal with a large and frequent class of minor offenses not entailing a punishment of a grave and infamous character. Accordingly, there has always been a method of punishing offenses of a minor grade, by inferior judicial officers, generally justices of the peace, without a trial by jury."

The learned author goes on to say that it is difficult to state any general rule but "if there be any general rule in common to all it is this: that in England, under the common law and various statutes, and here at the time of the adoption of our Constitutions, the trial of minor offenses, such as trivial assaults and batteries, the punishment of rogues and vagabonds, the punishment of intoxication, the punishment of persons abandoning their families, and the punishment of the violation of laws and ordinances of local municipal bodies, was without a jury, before magistrates generally denominated justices of the peace."

In *McGear* v. *Woodruff,* 33 N. J. L. 213, the court in construing the constitutional provisions of that State "that the right of a trial by jury shall remain inviolate," held that by that provision "it was not intended to introduce trial by jury in cases where it did not exist before, but merely to preserve it inviolate in cases where it existed at the time of the adoption of the constitution. Prior to the adoption of the constitution of 1776, convictions before magistrates for petty criminal offenses, and violations of police regulations were of frequent occurrence, and were recognized as part of the laws of England." To the same effect: *Tims* v. *The State,* 26 Ala. 165; *Boring* v. *Williams,* 17 Ala. 510; *McInerney*

*v. City of Denver,* 17 Colo. 302; *Pearson* v. *Wimbish,* 52 S. E. (Ga.) 751; *Byers* v. *Commonwealth,* 42 Pa. St. 89.

The Supreme Court has in *Callan* v. *Wilson,* 127 U. S. 540, clearly recognized that not every violator of the law is entitled as a matter of right to a trial by jury in the first instance. "According to many adjudged cases, arising under constitutions which declare, generally, that the right of trial by jury shall remain inviolate, there are certain minor or petty offenses that may be proceeded against summarily, and without a jury; and, in respect to other offenses, the constitutional requirement is satisfied if the right to a trial by jury in an appellate court is accorded the accused. *Byers* v. *Commonwealth,* 42 Penn. St. 89, 94, affords an illustration of the first of the above classes." (p. 552) In that case the defendant was charged in the police court of the District of Columbia with the crime of conspiracy and upon conviction was sentenced to pay a fine of twenty-five dollars and upon default in its payment to suffer imprisonment in jail for the period of thirty days. Defendant refused to pay the fine and was committed to the custody of the marshal, whereupon he brought *habeas corpus* proceedings before the supreme court of the District of Columbia alleging that he was restrained of his liberty in violation of the Constitution. The supreme court of the District of Columbia refused the writ and defendant appealed to the Supreme Court of the United States, which court held that the crime of conspiracy was not within that class or grade of offenses called petty offenses, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, but was of such a grave character as to entitle defendant, under the Constitution, to a trial by jury, the court saying (p. 555): "Without further reference to the authorities, and conceding that there is a class of petty

or minor offenses, not usually embraced in public criminal statutes, and not of the class or grade triable at common law by a jury, and which, if committed in this district, may, under the authority of Congress, be tried by the court and without a jury, we are of opinion that the offense with which the appellant is charged does not belong to that class. A conspiracy such as is charged against him and his codefendants is by no means a petty or trivial offense."

As to the provision in section 83 of the Organic Act that "No person shall be convicted in any criminal case except by unanimous verdict of the jury," that provision does not, in our opinion, signify that one who commits some petty or trivial offense is entitled to a trial by jury in the first instance. As remarked by this court in *Ex parte Higashi, supra,* "It is clear from the context that the Act does not require that no person shall be tried for any criminal offense except by a jury, but that in all criminal trials by a jury an unanimous verdict shall be necessary for conviction." Prior to annexation verdicts in Hawaii could be rendered by nine of the twelve jurors and it was to change this, as well as certain other phases of trial by jury then in vogue, that the provision in question was enacted.

We are of the opinion that neither the provisions of the Constitution nor the Organic Act with respect to trial by jury apply to an offense of such a petty character as the one with which the defendant herein is charged.

The first reserved question is therefore answered in the negative and the second in the affirmative.

*J. A. Matthewman,* Attorney General, and *Frear, Prosser, Anderson & Marx* for the Territory.

*Lightfoot & Lightfoot* for defendant.