## STATE OF HAWAII *v.* ARTHUR K. TRASK AND GILBERT D. SILVA.

### No. 4239.

JUNE 27, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* After preliminary examination, the district magistrate of Koolaupoko denied defendants' motion for discharge, found that there was probable cause to believe the accused guilty of the offense of malicious burning in the third degree, and committed them for trial by jury in the Circuit Court, First Circuit. An appeal from such denial and finding on points of law was certified to the Circuit Court, First Circuit, which dismissed the appeal. From this order of dismissal, defendants appealed to this court. *Sua sponte,* this court raised the question of appealability of the order of commitment.

A defendant is entitled to every legal objection in a preliminary examination in the district court. But alleged errors of law by a district magistrate in a preliminary examination are not reviewable by the circuit court or this court. "The conclusion reached by the district magistrate to commit the accused for trial, is not reviewable." *Republic of Hawaii* v. *Fernandez,* 10 Haw. 83. See *Provisional Government* v. *Smith,* 9 Haw. 178.

The nonappealability of the order of commitment results from lack of finality. It is, as stated in *Republic of Hawaii* v. *Fernandez, supra,* "only one stage" of the case. In the present case an indictment covering the same offense has been returned. On the record as it stands, were we to order defendants' discharge it would be of no significance.

The defendants rely on *Territory* v. *Nishimura,* 22 Haw. 614. In that case, this court entertained an appeal on points of law and held that it was error for the district magistrate to commit defendant-appellant for jury trial without a preliminary hearing, and without any evidence introduced by the prosecution. There was no appearance for the Territory on the appeal and the appealability of the order was neither raised nor questioned. The case is distinguishable in that, although R.L.H. 1915, § 2299, imposed a duty upon the magistrate to grant a preliminary hearing, such hearing was denied. Whether the remedy for failure to perform this duty lay elsewhere, and *Territory* v. *Nishimura, supra,* was improperly decided, we need not say. The instant case fits *Republic of Hawaii* v. *Fernandez, supra,* which we believe was rightly decided.

Order of dismissal affirmed.

*Arthur K. Trask, O. P. Soares* and *Daniel G. Ridley* for appellants.

*George I. Hieda,* Deputy Prosecuting Attorney, City and County of Honolulu, for appellee.